Strafford, June 3, 1952. No. 4102.

MAHALA M. WILLEY *v.* JOHN W. HARROWER.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiff.

*Robert J. Wakefield* for the defendant.

BLANDIN, J. The record shows there was no abuse of discretion

in the denial of the motion to reopen the case. It appears that while execution on the judgment obtained by the plaintiff was satisfied January 28, 1950, and receipted for by her counsel as *paid in full* on February 1, 1950, the motions to reopen and for a new trial were not filed until over a year later on March 7, 1951. Plaintiff's counsel does not deny that the notes were available even prior to bringing the writ, or that an examination of them at any time would have disclosed the error in the specifications. This in itself is sufficient reason for the denial of this motion. *Perley* v. *Roberts,* 91 N. H. 254. However, in addition to this the plaintiff failed to file copies of the notes upon which she sought judgment with the clerk of court, before taking out execution. Not only has our long established practice been to file such copies prior to taking out execution (*Hackett* v. *Pickering,* 5 N. H. 19, 25), but rule 43 of the Superior Court rules provides that this be done. It follows that the exception to the denial of this motion must be overruled.

However, the record also discloses that the plaintiff has never had a hearing on her motion for a new trial. Her counsel stated at the beginning of the hearing on the motion to reopen: "As I understand, this motion, this matter today is limited to whether hearing will be granted on our motion to reopen." No objection was offered to this procedure by Court or counsel and the Court in the reserved case, while stating specifically that a hearing was held on the motion to reopen, merely says that "the request for hearing on the motion for new trial was also denied." Furthermore, on the motion to reopen, the order is signed by the Presiding Justice, but on the motion for a new trial no order was made. The plaintiff has indicated in oral argument that she desires to present certain affidavits and other evidence in support of this motion not produced at the hearing. She should have an opportunity to do so and it follows the order is .

*Exceptions sustained in part and overruled in part.*

All concurred.